T.C. Summary Opinion 2001-126


UNITED STATES TAX COURT


MELVIN W. GARRETT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 1533-00S.                    Filed August 16, 2001.


Melvin W. Garrett, pro se.

<u>Dustin M. Starbuck</u>, for respondent.


POWELL, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.[1]  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

---

[1]  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the years in issue.

Respondent determined deficiencies and penalties under section 6662(a) for negligence in petitioner's 1996 and 1997 Federal income taxes as follows:

| Year | Deficiency | Penalty |
|------|-----------|---------|
| 1996 | $3,336 | $667.20 |
| 1997 | 2,524 | 504.80 |

The issues are whether petitioner is entitled to:  (1) Dependency exemption deductions for his mother (Dorothy Garrett) and his brother (Neil Garrett) for the years in issue; (2) head of household filing status for the years in issue; (3) Schedule C loss deductions of $15,254 and $10,363 for 1996 and 1997, respectively; and (4) whether petitioner is liable for the penalties under section 6662(a) for the years in issue. Petitioner resided in Roanoke, Virginia, at the time he filed the petition in this case.

Petitioner is a school teacher.  During 1996 petitioner taught in the Alexandria, Virginia, school system.  During 1997 petitioner taught in the Alexandria and Roanoke, Virginia, school systems, but it is unclear when he went to Roanoke.  Petitioner rented his residence in Alexandria.  According to petitioner, when in Alexandria, he would go to Roanoke every weekend and stay at a house his mother owned and occupied and that his brother also occupied.  Presumably when he was employed in Roanoke, he stayed in the same house.  For 1996 and 1997, petitioner reported

wage income of $29,594 and $20,024, respectively.  During 1997 petitioner also received unemployment compensation of $3,390.

Petitioner's mother received Social Security benefits of $5,598 and $5,760[2] for 1996 and 1997, respectively.  She also received retirement benefits of $1,754 for each year. Petitioner's brother also received Social Security benefits, but the amounts do not appear in the record.

Petitioner claimed his mother and brother as dependents and also claimed head of household filing status based on their dependency exemptions.  Respondent disallowed both dependency exemption deductions and determined that petitioner could not claim head of household filing status.

Petitioner was also engaged in an activity that he described as follows:

> Well, I do self esteem workshops, I do consulting on problems, social issues, I do behavior modification if people are having problems with the kids.

> \*       \*       \*       \*       \*       \*       \*

> Well, see, I sell products, too, fragrances, oils, incense, and things like that.

Petitioner commenced this activity in 1986, and, according to petitioner, the activity has never shown a profit.  Petitioner did not maintain a separate checking account for this activity

---

[2]  Figure rounded to the nearest dollar.

and kept no ledgers or other accounting records concerning the activity.

On his 1996 amended Schedule C, Profit or Loss From Business, petitioner reported the following:

| | | |
|---|---|---|
| Gross receipts | | $1,209 |
| Cost of goods sold | | 1,020 |
| Gross income | | 189 |
| | | |
| Less: | | |
| Advertising | $580 | |
| Car expenses | 1,890 | |
| Insurance | 400 | |
| Mortgage | 6,540 | |
| Other interest | 1,368 | |
| Rent | 1,680 | |
| Repairs | 1,250 | |
| Taxes | 250 | |
| Utilities | 1,296 | 15,254 |
| | | |
| Loss | | 15,065 |

The amount deducted as a "mortgage" expense in 1996 was for rent petitioner paid in Alexandria. None of the other items were specifically identified. For the 1997 taxable year, petitioner filed electronically, and the only figure in the record is a claimed Schedule C loss deduction in the amount of $10,174. Respondent disallowed the deduction claimed for each year.

## Discussion

A. Dependency Exemptions and Filing Status

Section 151(c) allows a taxpayer to deduct an exemption amount for each dependent as defined in section 152. Section 152(a) defines a dependent, inter alia, as a brother or mother "over half of whose support, for the calendar year in which the

taxable year of the taxpayer begins, was received from the taxpayer". In determining whether petitioner supplied over half of the support, Social Security benefits received by the brother or mother are considered. See Carter v. Commissioner, T.C. Memo. 1998-243, affd. per curiam without published opinion 187 F.3d 640 (8th Cir. 1999).

When petitioner was asked how much support he provided, his answer was "Over half their income. * * * It was over * * * $7,000" for each. Putting aside the fact that we simply do not believe that petitioner spent $14,000 on his brother and mother,[3] there is nothing in the record to indicate what the total support was for either. Accordingly, petitioner has not established that either his brother or his mother received more than half of their support from petitioner. Respondent's determination with respect to the dependency exemption issue is sustained.

Petitioner calculated his 1996 and 1997 Federal income tax liabilities using the head of household filing status based on

---

[3] For example, for 1996 petitioner reported income of $29,594 and a loss of $15,065 from Schedule C, Profit or Loss From Business, for a total income of $14,529. He had approximately $2,500 withheld for Social Security and medicare taxes, $1,138 withheld for State income taxes, and $3,326 withheld for Federal income taxes. If he had paid $14,000 for the support of his brother and mother, the total amounts withheld and paid to them ($20,964) would have exceeded his total income. When this was pointed out, petitioner then claimed that he also received approximately $30,000 in disability benefits from the Department of Veterans Affairs. There is nothing in the record, except petitioner's naked testimony, to support this claim.

his brother and mother being his dependents.  Section 2(b)(1)(A) and (B), in pertinent part, defines a head of household as an unmarried individual who

> maintains as his home a household which constitutes for more than one-half of such taxable year the principal place of abode, as a member of such household, of--
>
> *         *         *         *         *         *         *
>
> (ii) any * * * dependent of the taxpayer, if the taxpayer is entitled to a deduction for the taxable year for such person under section 151 * * *
>
> (B) maintains a household which constitutes for such taxable year the principal place of abode of the father or mother of the taxpayer, if the taxpayer is entitled to a deduction for the taxable year for such father or mother under section 151.

Ignoring the question whether petitioner even maintained a residence for his brother and/or his mother, as we have already discussed, petitioner is not entitled to claim either as a dependent, and we sustain respondent's determination that petitioner is not entitled to head of household filing status for the years in issue.

B.  <u>Schedule C Losses</u>

Section 162(a) allows a deduction for ordinary and necessary expenses paid or incurred in carrying on a trade or business. Generally, under section 183(a) and (b) an individual is not allowed deductions attributable to an activity "not engaged in for profit" except to the extent of gross income generated by the activity.  Section 183(c) defines an activity "not engaged in for

profit" as any activity other than one for which deductions are "allowable * * * under section 162 or under paragraph (1) or (2) of section 212." Essentially, the test for determining whether an activity is engaged in for profit is whether the taxpayer engages in the activity with the primary objective of making a profit. Antonides v. Commissioner, 893 F.2d 656, 659 (4th Cir. 1990), affg. 91 T.C. 686 (1988). Although the expectation need not be reasonable, the expectation must be bona fide. See Hulter v. Commissioner, 91 T.C. 371, 393 (1988). Furthermore, in resolving the question, greater weight is given to the objective facts than to the taxpayer's statement of intentions. See Thomas v. Commissioner, 84 T.C. 1244, 1269 (1985), affd. 792 F.2d 1256 (4th Cir. 1986).

Section 1.183-2(b), Income Tax Regs., contains a nonexclusive list of factors to be used in determining whether an activity is engaged in for profit. These factors are: (1) The manner in which the taxpayer carries on the activity; (2) the expertise of the taxpayer or his advisers; (3) the time and effort expended by the taxpayer in carrying on the activity; (4) the expectation that assets used in the activity may appreciate in value; (5) the success of the taxpayer in carrying on similar or dissimilar activities; (6) the history of income or losses with respect to the activity; (7) the amount of occasional profits, if any; (8) the financial status of the taxpayer; and

(9) any elements of personal pleasure or recreation. No single factor, nor simple numerical majority of factors, is controlling. See Cannon v. Commissioner, 949 F.2d 345, 350 (10th Cir. 1991), affg. T.C. Memo. 1990-148.

From what is in the record, we have great reservations whether there was even a trade or business activity here, to say nothing of a trade or business entered into for profit. There are no records or other indicia of a business operation. Furthermore, from petitioner's brief description of the activity, the deductions claimed (e.g., repairs, utilities, etc.) would seem not to have any nexus with that activity. The "mortgage" expense was for the rent of petitioner's lodging in Alexandria where he was employed. This is nothing more than a disingenuous subterfuge for deducting personal living expenses. Cf. sec. 262.

Even if this activity were a trade or business, the history of losses belies any notion that it was operated for profit. While a person may start out with a bona fide expectation of profit, even if it is unreasonable, there is a time when, in light of the recurring losses, the bona fides of that expectation must cease. See Filios v. Commissioner, 224 F.3d 16 (1st Cir. 2000), affg. T.C. Memo. 1999-92. Ten years is time enough. This is particularly pertinent here where there is nothing in the record to reasonably suggest that the activity, as petitioner

operated it during the years in issue, had been, or would ever be, profitable.

C.  <u>Negligence</u>

Section 6662(a) provides that, if the section applies, there is imposed a penalty in an amount equal to 20 percent of the portion of the underpayment.  The penalty applies, inter alia, to an underpayment due to negligence or disregard of the rules or regulations.  See sec. 6662(b)(1).  The term "disregard" includes "any careless, reckless, or intentional disregard."  Sec. 6662(c).  Negligence includes "any failure to make a reasonable attempt to comply" and also includes any failure by the taxpayer to keep adequate books and records or to substantiate items properly.  <u>Id.</u>; sec. 1.6662-3(b)(1), Income Tax Regs.

While petitioner's returns appear to have been prepared by a professional tax return preparing organization, the information was derived from petitioner.  We are quite convinced that petitioner was not very candid with the return preparer.  We point to petitioner's claim of a deduction on his Schedule C for his rent while employed in Alexandria, his total lack of adequate books and records concerning the Schedule C activity, and his total unawareness of the details of his claims of dependents.  This is nothing more that a careless, reckless, and intentional disregard of the rules and regulations.  Respondent's

determination with respect to the penalties under section 6662(a) for the years in issue is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent</u>.